Devin A. McRae, State Bar Number 223239
*dmcrae@earlysullivan.com*
Brett G. Moore, State Bar Number 311637
*bmoore@earlysullivan.com*
EARLY SULLIVAN WRIGHT
GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Floor
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

Attorneys for
Superior TECH, LLC dba Frost River

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

SUPERIOR TECH, LLC dba FROST RIVER, a Minnesota limited liability company,

Plaintiff,

vs.

C. C. FILSON CO., a Delaware corporation, LUCASFILM, LTD., LLC, a California corporation, and DOES 1 through 20, inclusive,

Defendants.

Case No.:

**COMPLAINT FOR:**

**VIOLATION OF SECTION 43(A) OF THE LANHAM ACT – 15 U.S.C. § 1125**

Plaintiff Superior TECH, LLC dba Frost River ("Plaintiff" or "Frost River") brings this action against Defendants C.C. Filson Co. ("Filson") and Lucasfilm Ltd., LLC ("Lucasfilm") (collectively, "Defendants"), and in support thereof, alleges:

## INTRODUCTION

1. Indiana Jones, an eccentric archaeologist, is known for stealing priceless artifacts while dodging giant, rolling boulders. Not unlike its character, Lucasfilm had no qualms misappropriating Frost River's successful "Geologist Pack" and other Frost River products for use in the film *Indiana Jones and the Dial of Destiny* ("Indiana Jones 5"). That is, Lucasfilm used Frost River's products in Indiana Jones 5 without consulting Frost River or obtaining permission to do so. Lucasfilm and Filson, a direct competitor of Frost River, then engaged in a joint marketing campaign, including national television commercial advertising, that featured clips of Indiana Jones wearing Frost River's products, including the Geologist Pack. Indeed, Lucasfilm and Filson were so brazen in their marketing and disregard for Frost River's rights to its intellectual property, that they used clips of Indiana Jones wearing Frost River's Geologist Pack ***on Filson's own website***.

2. This lawsuit concerns two corporate juggernauts, Filson and Lucasfilm, exploiting the hard work and intellectual property of Frost River, a small American company. Frost River is the manufacturer of American made, high quality, handcrafted, rugged, outdoor essentials, including packs, backpacks, duffle bags, satchels, and the Geologist Pack used in Indiana Jones 5. Filson is a direct competitor of Frost River and also manufactures outdoor backpacks, packs, and duffle bags. Lucasfilm and Filson's unauthorized use of Frost River's products in the Indiana Jones 5 film, and in the joint marketing campaign, is a classic example of "reverse passing off" whereby a competitor removes a product's trademarks and then attempts to "pass it off" as their own product. Liability under the Lanham Act for misappropriating Frost River's products is a boulder that Lucasfilm and Filson cannot dodge.

## PARTIES

3. Plaintiff Superior TECH, LLC is a Minnesota limited liability company with its principal place of business in Duluth, Minnesota.

4. Defendant Lucasfilm Ltd., LLC is a California corporation with its principal place of business in San Francisco, California. On information and belief, Lucasfilm Ltd., LLC is a wholly owned subsidiary of the Walt Disney Company ("Disney") or one of its affiliated entities. It is not lost on Frost River that Disney aggressively pursues those that infringe upon its intellectual property while having no qualms misappropriating the intellectual property of other small businesses like Frost River.

5. Defendant C.C. Filson Co. is a Delaware corporation with its principal place of business in Seattle, Washington.

6. Plaintiff is ignorant of the true names and capacities of Defendants named herein as Does 1 through 20, inclusive. Plaintiff is informed and believes, and thereon allege that Does 1 through 20 are liable, in whole or in part, for the claims asserted in this Demand against the Defendants. When Plaintiff learns the true identities and capacities of Does 1 through 20, Plaintiff will seek leave to amend this Demand to allege the true names and capacities of Does 1 through 20.

7. Plaintiff is informed and believes, and thereon alleges, that at all relevant times, each Defendant was the principal, agent, or employee of each other defendant, and acted within the scope of that relationship.

## JURISDICTION AND VENUE

8. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. There is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of attorneys' fees and costs.

9. Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(a) and (b)(2) because, among other things, it is the county in which one of the Defendants resides and a

substantial part of the events, omissions, transactions and occurrences giving rise to the claims occurred in this judicial district.

## **GENERAL ALLEGATIONS**

### **Background**

10. Authenticity is a core tenet of Frost River. Although it may be easier and cheaper to outsource to other countries, Frost River believes in the American manufacturing tradition – it manufacturers high quality products at reasonable prices while paying fair American wages to its employees. Frost River's dedication to creating an authentic American outdoor product has paid off and it is now a well-known outdoor brand throughout the United States.

11. Filson, in addition to selling outdoor clothing, also sells outdoor accessories, including backpacks, duffel bags, satchels and other products which have an "explorer" aesthetic similar to Frost River's. On information and belief, in 2012, Bedrock Manufacturing Company, LLC purchased Filson and, although the company had traditionally manufactured its products in the United States, began to ship its manufacturing overseas. Filson is a direct competitor of Frost River and they compete for customers in the outdoor outfitter space.

12. Frost River is the owner of the registered design trademark "Frost River Reliable Softgoods" (USPTO Registration No. 6789196). The design mark has been registered for use in international classes 18, 21, and 25. A copy of Frost River's trademark is produced below:




13. Frost River is also the owner of the registered design trademark



EARLY SULLIVAN WRIGHT GIZER & MCRAE LLP
ATTORNEYS AT LAW
731218.1

"Reliable Softgoods Frost River Duluth Minnesota' (USPTO Registration No. 6789195). The design mark has been registered for use in international classes 18, 21, and 25. A copy of Frost River's trademark is produced below:




**<u>Frost River's Geologist Pack</u>**

14. Frost River's Geologist pack is a unique product in today's market and has been manufactured by Frost River for over 10 years. It has a classic knapsack design and features a drawstring topped main compartment with a flap cover. The knapsack has rugged bridle leather shoulder straps and brass Sam Brown Post quick released front pockets. It is built from premium waxed canvas, premium leather, and features high quality brass hardware. Photographs of the Geologist Pack are below:





15. In addition to the foregoing design elements, the Geologist Pack, like all Frost River products, features two other prominent branding elements – a large, embossed leather insignia featuring the "Reliable Softgoods Frost River Duluth

Minnesota" trademark which is sewn onto the flap cover, and a red tafetta which features Frost River's trademark and proclamation that the pack was manufactured in Duluth, Minnesota. A close-up photograph of the Geologist Pack bearing Forest River's trademarks is below:



16. More photographs of the Geologist Pack, as well as a 360 degree view, can be seen here: www.frostriver.com/geologist.

**Frost River's Simple Book Pack**

17. Frost River's "Simple Book Pack" is a traditional envelope tyle pack without a gusset. Again, like all Frost River products, it bears the embossed leather oval depicting Frost River's trademark, and the red taffeta signifying that it is an authentic Frost River product. A photograph of the Simple Book Pack is below:



18. More photographs of the Simple Book Pack, as well as a 360 degree view, can be seen here: www.frostriver.com/bookpack.

**Indiana Jones 5 Film**

19. In early 2023, Lucasfilm began ramping up its marketing campaign for the latest iteration of the Indiana Jones franchise – Indiana Jones 5. As part of its campaign, it released a feature trailer which features clips from the film. The trailer can be found here: https://www.youtube.com/watch?v=eQfMbSe7F2g.

20. In several scenes, Indiana Jones can be seen wearing the Geologist Pack. Indeed, in a 12-minute sequence, the main characters, including Indiana Jones, can be seen carrying the bags when they are traveling through Sicily. A close up of a still showing Frost River's Geologist Pack in Indiana Jones 5 is below:





21. Lucasfilm never obtained Frost River's permission to use any of Frost River's products in Indiana Jones 5. Instead, in an effort to obscure Frost River's connection to the Geologist Pack and Simple Book Pack, it removed both the oval stamped leather and red taffeta.

/ / /

/ / /

**Lucasfilm's Marketing Collaboration with Filson**

22. On information and belief, as part of its marketing for Indiana Jones 5, Lucasfilm authorized Filson to run a co-branded campaign to promote Indiana Jones 5 and Filson's products. The co-branded campaign included a sweepstakes where a consumer has a chance to win a National Geographic expedition to Morocco outfitted with Filson's products.

23. On information and belief, Lucasfilm and Filson produced a 60 second commercial prominently featuring video clips from the Indiana Jones 5 film intertwined with video clips of actors using Filson's own products. Shockingly, one of the intertwined video clips was one from Indiana Jones 5 featuring Frost River's Geologist Pack.

24. Further, as part of the advertising for the sweepstakes and campaign, Lucasfilm and Filson used the 60 second commercial on Filson's website to advertise Filson's products. A screenshot of Lucasfilm and Filson's advertising showing the clip with Frost River's Geologist Pack and Simple Book Pack is below:




25. As of the time of drafting this Complaint, the Indiana Jones / Filson



EARLY SULLIVAN WRIGHT GIZER & MCRAE LLP
ATTORNEYS AT LAW
731218.1

marketing campaign can be accessed here: https://www.filson.com/indiana-jones.

26. As can be seen on the website, directly below the clips from the Indiana Jones 5 film, Filson advertised its own luggage, packs, and duffels for sale. A consumer visiting Filson's website is led to believe, by implication, that the bags featured in the Indiana Jones 5 film were manufactured by Filson and are genuine Filson products.

27. Indeed, as shown below, Filson sells products that directly compete with Frost River's Geologist Pack. On the left is an excerpt from Filson's website displaying one of its backpacks for sale, and on the right is a photograph of the Geologist Pack. Clearly, Filson having a Lucasfilm licensed Indiana Jones Collection page on its website, using Frost River's products in the advertising, and then selling the below-identified backpack in its collection is anticompetitive and wrongful.






28. In sum, Lucasfilm and Filson used Frost River's own products, the Geologist Pack and the Simple Book Pack, to advertise for Filson, a direct competitor of Frost River. This is a quintessential example of "reverse passing off," and is unfair and prohibited under the Lanham Act.

/ / /

**FIRST CLAIM FOR RELIEF**

**(For Violation of Section 43(a) of the Lanham Act – 15 U.S.C. § 1125)**

29. Frost River hereby alleges and incorporates by reference each allegation set forth in paragraphs 1 through 24 of this Complaint as if set forth fully herein.

30. Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) prohibits a competitor from engaging in commercial advertising, marketing, or promotion that "misrepresents the nature, characteristics, qualities, or geographic origin of" its own or a competitor's "goods, services, or commercial activities." The Lanham Act also prohibits a competitor from making "any false designation of origin, false or misleading description of fact or false or misleading representation of fact which ... is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, association ... as to the origin, sponsorship, or approval of its own "goods, services, or commercial activities."

31. The Lanham Act is intended to provide protection against a myriad of false, misleading, and deceptive commercial practices. It was enacted to protect against unfair competition. One of the Lanham Act's main purposes is to prevent a competitor from misleading the public by placing their competitor's work forward as its own. It is a remedial statute that is to be broadly applied and construed so as to effectuate its remedial purpose.

32. Section 43(a) specifically prohibits the use of false descriptions and false designations of origin when advertising or selling goods or services in commerce. The Lanham Act proscribes the reproduction of a work with a false description or attribution as to its creator. Liability under Section 43(a) may arise for a false description or representation even though no trademark is involved. A false designation of origin claim is not limited to literal falsehoods, it also extends to false representations made by implication or innuendo.

33. Section 43(a) prohibits a practice termed as reverse passing off (also

called reverse palming off) in which competitor “A” sells or promotes competitor “B’s” product under “A’s” name. Express reverse passing off occurs when one party obtains the product of a second party, removes the second party’s name or trademarks, and then markets or promotes the product under its own name. Reverse passing off activities have been recognized as wrongful because they involve attempts to misappropriate or profit from another’s talents and workmanship. The harm from reverse passing off is that the purchaser or viewer is deceived or misled into believing that the products or services come from a source other than the plaintiff. Reverse passing off involuntarily deprives the originator of the product of the advertising value of its name and the goodwill that otherwise would stem from public knowledge of the true source of the product.

34. Within the relevant time period and up through the filing of this action, and on a continuing basis, Lucasfilm and Filson, through their representatives acting under their supervision and control, have made deceptive, or misleading statements, attributions, or representations to actual and potential viewers, customers or buyers concerning the Geologist Pack and Simple Book Pack.

35. These material false, deceptive, and misleading statements, attributions or representations constitute reverse passing off and were communicated by Lucasfilm and Filson to actual and potential customers by means of nationally broadcast video commercial advertising and online websites.

36. Frost River has not authorized or consented to Lucasfilm and Filson’s use of the Geologist Pack or Simple Book Pack in their advertising. Frost River does not have any agreements or understandings with Lucasfilm or Filson concerning their use of Frost River’s products. Indeed, Lucasfilm and Filson’s use of the Geologist Pack without Frost River’s authorization has the tendency to blur the distinctiveness of the backpack by associating it with Filson’s products.

37. Lucasfilm and Filson knew, or had reason to believe, that these representations and attributions were false or misleading and were likely to, and did,

cause a substantial segment of actual and potential buyers of Frost River's products to be deceived, confused, and/or mistaken about the nature, source, characteristics, qualities, and/or origin of Lucasfilm and Filson's products.

38. These material statements and representations deceived, confused, or had the capacity to deceive or confuse, a substantial segment of actual and potential customers and did, or were likely to, influence their purchasing decisions.

39. Lucasfilm and Filson's actionable and wrongful conduct has caused commercial and competitive injury to Frost River. Commercial injury is generally presumed when the plaintiff and defendant are, as here, direct competitors and the defendant's misrepresentations and misattributions have a tendency to mislead.

40. Lucasfilm and Filson's false, deceptive, and misleading practices have affected a substantial volume of interstate commerce.

41. By reason of, and as a direct and proximate result of, Lucasfilm and Filson's false, deceptive, confusing, and misleading practices and conduct, Frost River has suffered, and will continue to suffer, financial injury to its business and property. As a result, Frost River has been deprived of revenues and profits it otherwise would have made, suffered diminished market growth, and sustained a loss of goodwill. Frost River has not yet calculated the precise extent of its past damages and cannot now estimate with precision the further damages which continue to accrue, but when Frost River does so, it will seek leave of the Court to insert the amount of the damages sustained herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for the following relief:

A. For compensatory damages in an amount to be proven at trial but in any event no less than $75,000;

B. For punitive and exemplary damages;

C. For attorneys' fees and costs; and

D. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: July 19, 2023

EARLY SULLIVAN WRIGHT GIZER & McRAE LLP

By: */s/ Devin A. McRae*

Devin A. McRae
Brett G. Moore
Attorneys for
Superior TECH, LLC dba Frost River

