VENABLE LLP
David E. Fink (SBN 169212)
defink@venable.com
Sharoni S. Finkelstein (SBN 271829)
ssfinkelstein@venable.com
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone:   (310) 229-9900
Facsimile:    (310) 229-9901

*Attorneys for Defendants C. C. Filson Co. and Lucasfilm, Ltd., LLC*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUPERIOR TECH, LLC dba FROST RIVER, a Minnesota limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>C. C. FILSON CO., a Delaware corporation, LUCASFILM, LTD., LLC, a California corporation and DOES 1 through 20, inclusive.<br><br>Defendants. | Case No. 3:23-cv-03581-JD<br><br>Honorable Judge James Donato<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANT LUCASFILM, LTD., LLC TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date of Hearing: December 28, 2023<br>Time: 10:00 a.m.<br>Courtroom: 11<br><br>Action Filed: July 19, 2023<br>Trial Date: None set |

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on Thursday, December 28, 2023, at 10:00 a.m. in Courtroom 11, or as soon thereafter as counsel may be heard, Defendant Lucasfilm, Ltd., LLC will and hereby does respectfully move the Court for an order dismissing Superior Tech, LLC dba Frost River's First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) on the grounds that it has not, and cannot, plead a viable claim for relief for reverse passing off pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a).

This Motion is based on this Notice of Motion, the following Memorandum of Points and Authorities, all other pleadings and papers on file herein, and such other argument and evidence as may be presented to the Court prior to or during the hearing on this Motion.

DATED: November 17, 2023            VENABLE, LLP

                                    By: */s/ David E. Fink*
                                    David E. Fink
                                    Sharoni S. Finkelstein

                                    *Attorneys for Defendants C. C. Filson Co. and Lucasfilm, Ltd., LLC*

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Lucasfilm, Ltd., LLC ("Lucasfilm") hereby respectfully moves to dismiss all claims against Lucasfilm in the First Amended Complaint, filed on November 3, 2023 ("FAC") by Plaintiff Superior Tech, LLC dba Frost River ("Plaintiff"), under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

### I.   INTRODUCTION

This Court previously dismissed Plaintiff's claims against Lucasfilm, finding that the Complaint "does not plausibly allege that Lucasfilm unfairly competed with [Plaintiff] within the meaning of section 43(a)." (Dkt. 32.) Plaintiff's amended pleading does nothing to save its claim. Plaintiff's FAC is identical to the original Complaint in all material respects, with the single exception of newly added Paragraphs 22-25. (Dkt. 34.) Plaintiff's additions are more cosmetic than substantive, adding nothing that would justify a Section 43(a) against Lucasfilm.

First, Plaintiff alleges a straw-man – that Lucasfilm filed a trademark application for INDIANA JONES AND THE DIAL OF DESTINY in International Class 18, the trademark class that includes, among other things, luggage, general carrying bags, umbrellas, wallets, and backpacks. Plaintiff fails to mention that the application filed is a general *intent-to-use* application; it is not based upon the actual sale of the goods included in Class 18. Indeed, Plaintiff does not allege that Lucasfilm (the producer of *Indiana Jones* 5) sells backpacks under the INDIANA JONES AND THE DIAL OF DESTINY mark, merely that it filed an intent-to-use application to preserve its right to do so.

Second, without any factual basis, Plaintiff speculates – on information and belief – that because Lucasfilm "licensed" to Filson the right to use its INDIANA JONES trademark in the sweepstakes to win a trip to Morocco with Filson gear, Filson and Lucasfilm were partners in a "joint venture" to sell Filson's backpacks and share the profits. While this allegation is completely unsupported (and untrue), Lucasfilm has still committed *no act* which could be construed as a violation of Section 43(a). This allegation does nothing to move the needle.

Lucasfilm respectfully asks this Court to dismiss all claims against it, this time *without* leave to amend.

## II. FACTUAL BACKGROUND

Lucasfilm disputes certain of Plaintiff's characterizations of facts set forth in the Complaint but assumes, for purposes of this motion only, the truth of Plaintiff's factual allegations. *See Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012). Plaintiff alleges the following same facts that are relevant to this motion:

Plaintiff manufactures and sells outdoor accessories, including backpacks, duffel bags, satchels and other products. (Dkt. 34 at ¶ 10.) Among these accessories are a "geologist pack" and a "simple book pack," both of which feature an embossed leather oval and a red taffeta depicting Plaintiff's trademarks. (*Id.* at ¶¶ 14-18.) The geologist pack consists of a "classic knapsack design," while the simple book pack consists of a "traditional envelope [s]tyle pack." (*Id.* at ¶¶ 14, 18.) Plaintiff's geologist pack and simple book pack knapsacks were both used in the costume design for Lucasfilm's 2023 film *Indiana Jones 5*, though the embossed leather oval and red taffeta bearing Plaintiff's trademarks were removed from both products and do not appear in the film. (*Id.* at ¶¶ 19-21.)

Lucasfilm and co-defendant C. C. Filson Co. ("Filson") (together, Lucasfilm and Filson are "Defendants") collaborated on a co-branded advertising campaign designed to promote Filson's products and Lucasfilm's *Indiana Jones 5*. (Dkt. 34 at ¶ 26.) The campaign featured a sweepstakes contest where contestants had the chance to win a National Geographic expedition to Morocco outfitted with Filson's products. (*Id.*) In connection with the contest, Defendants released a 60-second commercial featuring clips from *Indiana Jones 5* (the "Commercial"). (*Id.* at ¶ 27.) Among those clips, appearing 42 seconds into the Commercial and lasting only a fraction of one second, is a clip in which the title character, Indiana Jones, is hiking and appears to be carrying Plaintiff's unlabeled geologist pack knapsack. (*Id.* at ¶ 28.)

Rather than presenting the Commercial as it is actually seen by consumers, the FAC (like the Complaint before it) grossly distorts the presentation of Plaintiff's product in the Commercial and overemphasizes the identifiability of Plaintiff's unlabeled geologist pack. In reality, the image flashes on-screen 42 seconds into the 60-second Commercial, for only a fraction of one second. To an ordinary consumer, Plaintiff's geologist pack, which Plaintiff admits has a commonly used,

"classic knapsack design," is unidentifiable. (Dkt. 34 at ¶ 14).

The Commercial appeared on a sub-page of Filson's website at https://www.filson.com/indiana-jones, which was dedicated to Defendants' co-branded sweepstakes. (Dkt. 34 at ¶¶ 29-30.) That same webpage advertised Filson's own unique luggage, knapsacks, and duffel bags. (*Id.* at ¶ 30.)

### III. PLAINTIFF'S CLAIM AGAINST LUCASFILM SHOULD BE DISMISSED AS A MATTER OF LAW

#### A. Legal Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conclusory allegations are insufficient. *Iqbal*, 556 U.S. at 678. While detailed factual allegations are not needed to survive a motion to dismiss, a party's obligation to provide the grounds of its entitlement to relief requires "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (internal quotations, brackets and citations omitted).

The Court is "not required to read in missing facts necessary to perfect" a party's claims. *DuBois v. Ford Motor Co.*, 276 F.3d 1019, 1024 (8th Cir. 2002). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Cholla Ready Mix v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004).

#### B. Plaintiff's Claim Against Lucasfilm Fails as a Matter of Law

The sole cause of action alleged in the FAC is a claim for "reverse passing off" under Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a). (Dkt. 34 at ¶¶ 33-45.) In ruling on Defendants' original motion to dismiss, this Court dismissed the Complaint against Lucasfilm entirely, finding that "it does not plausibly allege that Lucasfilm unfairly competed with Superior Tech within the meaning of section 43(a)." (Dkt. 32.) The FAC does nothing to cure this deficiency.

In a superficial effort to revive its claim against Lucasfilm, Plaintiff added the following

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

four paragraphs (reproduced in their entirety due to their brevity):

  22. On February 27, 2023, Lucasfilm filed a trademark application in International Class 18 for "Indiana Jones and the Dial of Destiny," i.e. the name of the Indiana Jones 5 film. In the application, Lucasfilm listed the following as goods and services wherein it intended to use the trademark: All-purpose carrying bags; all-purpose sport bags; baby backpacks; **backpacks**; beach bags; **book bags**; calling card cases; coin purses; diaper bags; duffel bags; fanny packs; gym bags; handbags; knapsacks; key cases; luggage; luggage tags; overnight bags; purses; satchels; leather shopping bags; mesh shopping bags; textile shopping bags; tote bags; umbrellas; waist packs; wallets; collars for pets. Emphasis added.

  23. An excerpt of Lucasfilm's trademark application from the USPTO is below[1]:

| | |
|---|---|
| Word Mark | INDIANA JONES AND THE DIAL OF DESTINY |
| Goods and Services | IC 018. US 001 002 003 022 041. G & S: All-purpose carrying bags; all-purpose sport bags; baby backpacks; backpacks; beach bags; book bags; calling card cases; coin purses; diaper bags; duffel bags; fanny packs; gym bags; handbags; knapsacks; key cases; luggage; luggage tags; overnight bags; purses; satchels; leather shopping bags; mesh shopping bags; textile shopping bags; tote bags; umbrellas; waist packs; wallets; collars for pets |
| Standard Characters Claimed | |
| Mark Drawing Code | (4) STANDARD CHARACTER MARK |
| Serial Number | 97813041 |
| Filing Date | February 27, 2023 |

  24. On information and belief, and based on the below outlined marketing campaign, Lucasfilm entered into a licensing agreement with Filson whereby Filson was entitled to use Lucasfilm's trademark in connection with bags, backpacks, and other goods manufactured by Filson. On further information and belief, Lucasfilm and Filson were in a joint venture to utilize Lucasfilm's trademarks to market and sell bags, backpacks, and other goods manufactured by Filson and to generate revenues therefrom that were to be divided in some form or fashion between Lucasfilm and Filson. This joint venture arrangement between Lucasfilm and Filson directly competed with the business activities of Frost River.

  25. On further information and belief, Lucasfilm intended to and/or has used the above-outlined trademark in connection with its own goods, including backpacks, bags, and other products that directly compete with Frost River.

These paragraphs add nothing to show that Lucasfilm unfairly competed with Plaintiff within the meaning of Section 43(a) of the Lanham Act.

Paragraphs 22 and 23 are wholly irrelevant to the cause of action herein. Plaintiff does not

---

[1] Plaintiff's USPTO "excerpt" omits the line <u>immediately following</u> the "Filing Date," which shows the filing basis for Lucasfilm's trademark application as <u>intent-to-use</u>.

(and cannot) allege that Lucasfilm's Class 18 application based upon intent-to-use the mark INDIANA JONES AND THE DIAL OF DESTINY in connection with the goods included in Class 18 violates the Lanham Act. Indeed, as the producer and owner of the world-famous Indiana Jones franchise, Lucasfilm owns all right, title and interest in the INDIANA JONES trademark, including the right to use and commercialize the mark as it sees fit. The mere fact that Lucasfilm filed a trademark application in a class that includes bags and backpacks does not convert Lucasfilm into a backpack manufacturer or seller engaged in reverse passing off, or unfairly competing with Plaintiff. To argue otherwise would be tantamount to arguing that Plaintiff has a monopoly on the sale of backpacks.

Likewise, Paragraphs 24 and 25 do not cure the Complaint's deficiencies. As a preliminary matter, the allegations are not grounded in actual facts – they are pure speculation, made without basis on "information and belief." The Court need not accept as true Plaintiff's speculative assertion that the purported "joint venture . . . directly competed with the business activities of Frost River." *Cholla Ready Mix*, 382 F.3d at 973 (the Court need to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."); *see also New Name, Inc. v. Walt Disney Co.*, No. 07-cv-5034 PA (RZx), 2007 WL 5061697, at *2-3 (C.D. Cal. Dec. 3, 2007) (granting motion to dismiss allegations made "on information and belief," because they were "merely speculative," and "precisely the sort of 'formulaic recitation that of the elements of a cause of action' that the Supreme Court held is insufficient to state a claim for relief.").

The new allegations in Paragraphs 24 and 25 do not rise above mere speculation. Paragraph 24 alleges that, based on a co-branded marketing campaign for a "*sweepstakes* where a consumer has a chance to win a National Geographic expedition to Morocco outfitted with Filson's products" (Dkt. 34 at ¶ 26, emphasis added), a licensing agreement and "joint venture" must necessarily exist under which Filson could use the INDIANA JONES mark in connection with Filson's products. This conclusion is not grounded in fact, and constitutes an impermissible inference which this court need not accept. The Supreme Court held in *Bell Atlantic Corp. v. Twombly* that, at the pleading stage, an agreement between co-defendants – such as the one alleged here – cannot simply

be inferred. 550 U.S. at 557 (noting that an allegation of "parallel conduct" or conspiracy "needs some setting suggesting the agreement necessary to make out a [Sherman Act] claim; without that further circumstance pointing toward a meeting of the minds, an account of a defendant's commercial efforts stays in neutral territory . . . . [M]uch like a naked assertion of conspiracy . . . it gets the complaint close to stating a claim, but without further factual enhancement it stops short of the line between possibility and plausibility of entitlement to relief.") (internal quotations omitted). Here, Paragraph 24 does not contain any "factual enhancement" that would make the existence of a "joint venture" plausible. Indeed, Plaintiff's conclusion that a "joint venture" exists is based solely on the fact that the parties jointly marketed a sweepstakes. (Dkt. 34 at § 24) ("[B]ased on the below outlined marketing campaign, Lucasfilm entered into a licensing agreement [and] were in a joint venture . . . ."). Simply put, the basis for Plaintiff's inference does not meet the "plausibility" standard of Rule 8(a).

In any event, as a general matter, Plaintiff's new allegation does not establish any wrongdoing by Lucasfilm. Even accepting all of plaintiff's "information and belief" allegations as true (though they are not), the FAC merely alleges that (1) Lucasfilm licensed the right to use its INDIANA JONES trademark in connection with Filson's bags and backpacks and other goods; (2) Lucasfilm and Filson had a "joint venture" to use the INDIANA JONES trademark in connection with Filson's bags and backpacks and to divide revenues therefrom; and (3) Lucasfilm intended to or has used its own INDIANA JONES trademark in connection with *its own* goods that allegedly compete with Frost River. (Dkt. 34 at ¶¶ 24-25.) These allegations do not create liability under Section 43(a), or under any cognizable theory. By Plaintiff's own averments, Lucasfilm used or intended to use <u>its own trademark</u>, INDIANA JONES, in connection with merchandise to promote the *Indiana Jones 5* film. Since Lucasfilm owns the rights that flow from its creative output, Lucasfilm is free to exploit those rights just like any other trademark owner. In other words, Lucasfilm could not have engaged in the false designation of origin of the complained-of goods (i.e., Filson bags and backpacks) which it neither manufactures nor sells. *Luxul Tech., Inc. v. Nectarlux, LLC*, 78 F. Supp. 3d 1156, 1171 (N.D. Cal. 2015) ("[A] reverse passing off claim requires the alteration of a product and a subsequent sale."); *R and A Synergy*

6
NOTICE OF MOTION AND MEMORANDUM ISO DEFENDANTS' MOTION TO DISMISS

*LLC*, No. 2:17-cv-09147-SVW-AS, 2019 WL 4390564, at *15 (C.D. Cal. May 1, 2019) (same).

Plaintiff's allegations of a license agreement and joint venture between Lucasfilm and Filson, even if true, similarly would not establish secondary liability. Contributory liability occurs when a party "intentionally induces another to infringe a trademark" or "continues to supply its product to one whom it knows or has reason to know is engaging in trademark infringement." *Y.Y.G.M. SA v. Redbubble, Inc.*, 75 F.4th 995, 1000 (9th Cir. 2023) (quoting *Inwood Lab., Inc. v. Ives Lab., Inc.*, 456 U.S. 844, 853-53 (1982)). Vicarious infringement, by contrast, occurs when the defendant and alleged direct infringer "have an apparent or actual partnership, have authority to bind one another in transactions with third parties or exercise joint ownership of control over the infringing product." *Hard Rock Café Licensing Corp. v. Concession Servs., Inc.*, 955 F.2d 1143, 1150 (7th Cir. 1992) (adopted by Ninth Circuit in *Perfect 10, Inc. v. Visa Intern. Service Ass'n*, 494 F.3d 788, 807-08 (9th Cir. 2007)).

Neither form of secondary liability against Lucasfilm has been alleged in this case, and no such claims could be made in good faith. Lucasfilm was the producer of a motion picture – *Indiana Jones 5* – it licensed clips rom the motion picture for a sweepstakes to win a trip around the world outfitted with a number of Filson products. Such acts do not make Lucasfilm susceptible to claims of contributory or vicarious reverse passing off under Section 43(a).

The Ninth Circuit's decision in *Gibson Brands, Inc. v. Viacom Intern., Inc.* is instructive. 640 Fed. Appx. 677 (9th Cir. 2016). There, defendant Viacom licensed its Spongebob Squarepants and Nickelodeon trademarks to co-defendant for use on ukeleles. *Id.* at 678. The plaintiff, Gibson, alleged that the shape of ukeleles infringed its trade dress, and that Viacom was liable for contributory and vicarious infringement. *Id.* The Ninth Circuit affirmed the district court's dismissal against Viacom, noting that "[w]hen a contributory infringement claim concerns the defendant's supply of something other than a product—here, Viacom's supply of a license to use its trademarks—a court will consider the 'extent of control exercised by the defendant over the third party's means of infringement.'" *Id.* (citations omitted). Like Gibson, Plaintiff has not alleged (and cannot allege) that Lucasfilm "exercised the requisite level of control" over Filson's sale of bags and backpacks. Likewise, the mere existence of a licensing agreement between the

co-defendants "does not reveal a relationship of 'control over the actual infringing activity,' which would constitute evidence of vicarious liability." *Id.* No good faith amendment of the pleadings would permit such allegations.

Finally, to the extent that Plaintiff believes it was aggrieved by Lucasfilm's use of Plaintiff's products in the costume or set design for *Indiana Jones 5*, it is well established that such use does not constitute a false designation of origin, nor is it actionable under any theory of liability. *See Louis Vuitton Malletier S.A. v. Warner Bros. Entmnt., Inc.*, 868 F. Supp. 2d 172, 182 (S.D.N.Y. June 15, 2012) (granting motion to dismiss Lanham Act claim arising from unauthorized use of Louis Vuitton luggage in film, noting that "where an expressive work is alleged to infringe a trademark, the likelihood of confusion must be *particularly compelling*.") (internal quotations and citations omitted; emphasis in original); *see also Wham-O, Inc. v. Paramount Pictures Corp.*, 286 F. Supp. 2d 1254 (N.D. Cal. 2003); *Caterpillar, Inc. v. Walt Disney Co.*, 287 F. Supp. 2d 913 (C.D. Ill. 2003).[2]

### C. Plaintiff Should Not be Granted Leave to Amend

Plaintiff has now twice attempted, and twice failed, to state a claim for relief against Lucasfilm. At bottom, there simply is no cognizable claim against Lucasfilm – further amendment cannot cure the defects in Plaintiff's claim. "A district court may dismiss a complaint without leave to amend if 'amendment would be futile.'" *Airs Aromatics, LLC v. Victoria's Secret Stores Brand Management, Inc.*, 744 F.3d 595, 600 (9th Cir. 2014) (quoting *Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011). Further, a "party cannot amend pleadings to directly contradict[t] an earlier assertion made in the same proceeding." *Id.* (quotations and citations omitted). Plaintiff is bound by its allegations.

The facts alleged in the FAC foreclose any possibility that Plaintiff can allege a viable claim against Lucasfilm. Plaintiff acknowledges in the FAC that Lucasfilm did not use Plaintiff's

---

[2] In the recent case *Jack Daniel's Props., Inc. v. VIP Prods. LLC*, 599 U.S. 140 (2023), the Supreme Court discussed *Louis Vuitton* and left undisturbed its conclusion that "'confusion will usually be unlikely,' and the 'interest in free expression' counsels in favor of avoiding the standard Lanham Act test" on facts strikingly similar to the ones at hand, even where the film in *Louis Vuitton*, unlike *Indiana Jones 5*, actually mentioned and depicted the Plaintiff's mark in the movie. *Id*. at 154-155.

8
NOTICE OF MOTION AND MEMORANDUM ISO DEFENDANTS' MOTION TO DISMISS

trademarks in *Indiana Jones 5* (or subsequently in the Commercial). In short, under any reasonable interpretation of the FAC, Lucasfilm could not, as a matter of law, have passed off Plaintiff's products as its own. Because the facts will not entertain a different conclusion, Lucasfilm respectfully submits that further amendment of the FAC would be futile. *See A.H. Lundberg Assoc., Inc. v. TSI, Inc.*, No. C14-1160 JLR, 2014 WL 53565514, at *8 (W.D. Wash. Oct. 21, 2014) (amendment of reverse passing off claim would be futile where it was undisputed that plaintiff manufactured and physically produced the goods it offered for sale).

## IV. CONCLUSION

For the foregoing reasons, Lucasfilm respectfully request the Court to dismiss without leave to amend this entire action against it for failure to state a claim.

DATED: November 17, 2023

VENABLE, LLP

By: */s/ David E. Fink*
David E. Fink
Sharoni S. Finkelstein

*Attorneys for Defendants C. C. Filson Co. and Lucasfilm, Ltd., LLC*