
VENABLE LLP
David E. Fink (SBN 169212)
defink@venable.com
Sharoni S. Finkelstein (SBN 271829)
ssfinkelstein@venable.com
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone:     (310) 229-9900
Facsimile:     (310) 229-9901

*Attorneys for Defendants C. C. Filson Co.
and Lucasfilm, Ltd., LLC*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUPERIOR TECH, LLC dba FROST RIVER, a Minnesota limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>C. C. FILSON CO., a Delaware corporation, LUCASFILM, LTD., LLC, a California corporation and DOES 1 through 20, inclusive.<br><br>Defendants. | Case No. 3:23-cv-03581-JD<br><br>Honorable Judge James Donato<br><br>**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT LUCASFILM, LTD.'S MOTION TO DISMISS**<br><br>Date of Hearing: December 28, 2023<br>Time: 10:00 a.m.<br>Courtroom: 11<br><br>Action Filed: July 19, 2023<br>Trial Date: None set |

**MEMORANDUM OF POINTS AND AUTHORITIES**

Like the First Amended Complaint ("FAC") itself, Plaintiff's Opposition to the motion to dismiss by Defendant Lucasfilm, Ltd., LLC ("Lucasfilm") is smoke and mirrors, intended to distract from the ill-pleaded claim against Lucasfilm. Hoping to bootstrap Lucasfilm into a case that should never have been brought in the first instance, Plaintiff devotes much of the Opposition to restating verbatim large portions of the deficient FAC itself, including the same distorted side-by-side comparisons. The remaining arguments in the Opposition are largely irrelevant and ultimately unavailing to the single claim against Lucasfilm.

Both the original Complaint and the FAC allege that Defendants' conduct "is a classic example of '*reverse passing off*' whereby a competitor removes a product's trademarks and then attempts to 'pass it off' as their own product." (FAC, Dkt. 34, at ¶¶ 2, 37.) In its Opposition brief, however, Plaintiff argues—for the first time—that it has adequately alleged all elements of a *false advertising* claim.[1] (Dkt. 37, at p.8.) False association and false advertising are "two distinct bases of liability" under the Lanham Act, each with their own elements. *Lexmark Intern., Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 122 (2014). Plaintiff cannot cure the defects in its claim against Lucasfilm by advancing new, unpled theories in its Opposition; nor can it *mix-and-match* elements from two distinct causes of action to concoct a claim that does not otherwise exist.

As shown below, Plaintiff continues to fail to articulate a legal basis for its claims against Lucasfilm. Accordingly, Lucasfilm respectfully asks this Court to dismiss all claims against it without leave to amend.

**I.   PLAINTIFF'S CLAIM AGAINST LUCASFILM SHOULD BE DISMISSED AS A MATTER OF LAW**

This Court dismissed the original Complaint against Lucasfilm entirely, finding that "it does not plausibly allege that Lucasfilm unfairly competed with Superior Tech within the meaning

---

[1] Plaintiff employed a similar strategy in opposition to Defendants' motion to dismiss the original Complaint. Although Plaintiff only alleged a claim for "reverse passing off," Plaintiff attempted in its opposition to recast its pleading as a claim for "*implied* passing off." Now, although the FAC contains the identical "reverse passing off" claim as the original pleading, Plaintiff pretends this is a case of false advertising. In any event, this claim was also not sufficiently plead.

of section 43(a)."  (Dkt. 32.)  In an effort to revive its claim against Lucasfilm, Plaintiff added four paragraphs "on information and belief" seeking to show that Lucasfilm (1) directly competes with Plaintiff, and (2) was engaged in a joint venture with co-defendant C.C. Filson Co. ("Filson"), thus extending liability to Lucasfilm for Filson's alleged misconduct.  Neither the FAC, nor Plaintiff's Opposition brief, achieve this goal.

Plaintiff cannot save by *argument* in its Opposition what it has not adequately alleged in the FAC.  Only facts alleged in the FAC, not those asserted for the first time in Plaintiff's Opposition, may be considered on a Motion to Dismiss.  *See Cattaneo v. Turo, Inc.*, Case No. 21-cv-0071-JCC, 2021 WL 3540232, at *3 (W.D. Wash. Jul. 30, 2021) ("To the extent [plaintiff] felt it necessary to change her theory in response to [defendant's] motion to dismiss for lack of standing, the proper approach was to amend the complaint, not to attempt to recharacterize the claims in her opposition briefing.") (citing *Schneider v. Cal. Dep't of Corrs.*, 151 F.3d 1194, 1197 n.1 (9th Cir.1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.").

    **A.**    **Plaintiff's Speculative Allegations Do Not Cure the Deficiencies of the Original Complaint**

Although pleading "on information and belief" is permissible, "such allegations must still contain some *factual content*; conclusory allegations based on nothing more than 'information and belief' will not suffice."  Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial § 8:128.22 (emphasis added) (citing *Twombly*, 550 U.S. at 557); *see also Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) (the Court need to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."); *New Name, Inc. v. Walt Disney Co.*, No. 07-cv-5034 PA (RZx), 2007 WL 5061697, at *2-3 (C.D. Cal. Dec. 3, 2007) (granting motion to dismiss allegations made "on information and belief," because they were "merely speculative," and "precisely the sort of 'formulaic recitation that of the elements of a cause of action' that the Supreme Court held is insufficient to state a claim for relief.").  Plaintiff cites *Menard v. CSX Transp., Inc.*, 698 F.3d 40 (1st Cir. 2012), for the proposition that pleading "on

information and belief is a desirable and essential expedient. . . ." (Dkt. 37, at p.8.) While that may be so under some circumstances, the First Circuit also cautioned that "'[i]nformation and belief' *does not mean pure speculation*." 698 F.3d at 44 (emphasis added). Thus, if the plaintiff in *Menard* "had any facts to support [his] assertion, they should have been set forth." *Id.* The same is true of Plaintiff in this case.

The only *fact* added to the FAC is that Lucasfilm filed U.S. Trademark Application No. 97/813,041 (based on intent-to-use) for the mark INDIANA JONES AND THE DIAL OF DESTINY (the "INDIANA JONES Mark"), which covers, among many other things, backpacks and book bags. (Dkt. 34 at ¶¶ 22-23.) The other assertions made in Paragraphs 24 and 25 of the FAC are *not factual*; rather, they are precisely the type of "legal conclusion couched as a factual allegation" that Courts are instructed to disregard. *See Twombly*, 550 U.S. at 555; *Papasan v. Allain*, 478 U.S. 265, 286 (1986). As the Supreme Court explained, "Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement." *Twombly*, 550 U.S. at 556.

Here, the *facts* alleged in the FAC are that Defendants engaged in a "co-branded campaign to promote Indiana Jones 5 and Filson's products [which] included a sweepstakes where a consumer has a chance to win a National Geographic expedition to Morocco outfitted with Filson's products," and that a 60-second commercial for the sweepstakes was displayed on Filson's website (Dkt. 34 at ¶¶ 26, 28.) Plaintiff then conjures from these facts unsupported speculation that a licensing agreement and joint venture exists between the Defendants, which "directly compete[d] with the business activities of Frost River." (Dkt. 34 at ¶ 24 (alleging a licensing agreement and joint venture "[o]n information and belief, and based on the below outlined marketing campaign. . . .").) As in *Twombly*, Plaintiff's "conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality." *Twombly*, 550 U.S. at 557. Plaintiff attempts to convert wild speculation into factual allegations; that kind of "information and belief" does not satisfy the pleading standard.

The Court need not—and should not—accept as true Plaintiff's *legal conclusion* of a joint venture which, as discussed below, bears no logical nexus to the facts as stated in the FAC. *Twombly*, 550 U.S. at 557; *see also Cholla Ready Mix*, 382 F.3d at 973.

### B. The FAC Fails to Adequately Allege That Lucasfilm Unfairly Competed with Plaintiff Within the Meaning of Section 43(a) of the Lanham Act

Plaintiff's ill-conceived assertions of a joint venture between the Defendants are likewise insufficient to show that Lucasfilm unfairly competed with Plaintiff within the meaning of Section 43(a) of the Lanham Act.

As an initial matter, the FAC fails to adequately allege the three elements necessary to establish the existence of a joint venture. As Plaintiff notes in its Opposition, a joint venture requires (1) joint control over the venture, (2) shared profits of the undertaking, and (3) ownership interest by each of the members of the joint venture. (Dkt. 37, at p.8 (citing *Scottsdale Ins. Co. v. Essex Ins. Co.*, 98 Cal.App.4th 86, 91 (Cal. 4th Dist. 2002).) Although the FAC does allege some form of shared profits (Dkt. 34 at ¶ 24), it contains no allegations—even "on information and belief"—as to the other two elements of a joint venture. Thus, nothing new has been alleged in the FAC that demonstrates Lucasfilm's liability under Section 43(a).

Even if the Court accepts that a joint venture was plausibly alleged, the nature of the joint venture is unrelated to any alleged wrongdoing such that it cannot form a basis for holding Lucasfilm liable under Section 43(a). Plaintiff's sole argument for keeping Lucasfilm in this case after the Court already found that Plaintiff did not plausibly allege a violation of Section 43(a) as to Lucasfilm is that the Defendants were purportedly engaged in a "joint venture." However, the nature and purpose of that venture is critical.

The FAC alleges that Lucasfilm licensed, used, and/or authorized use of "Lucasfilm's trademark"—*i.e.*, the INDIANA JONES Mark—to promote *Indiana Jones 5*, Filson's products, and a co-branded sweepstakes. (Dkt. 34 at ¶¶ 24, 25.) Plaintiff falsely claims in its Opposition that the FAC "alleges that Lucasfilm licensed, used and/or authorized use of *images of plaintiff's bags as used in the film* to market and sell the Filson manufactured bags." (Dkt. 37, at p.7 (emphasis added).) This distinction is not without a difference. A joint venture in which Lucasfilm

licensed to Filson the right to use the INDIANA JONES Mark, even if it did exist, would infringe no rights of Plaintiff. Plaintiff fails to "plausibly connect the dots" from Lucasfilm's application for or use of the INDIANA JONES Mark trademark, or the licensing of that trademark to Filson, to any of Plaintiff's substantive claims. *See IMEX Leader, Inc. v. Zest US Wholesale, Inc.*, Case No. 8:22-cv-01432-FWS-JDE, 2023 WL 2626968 (C.D. Cal. Feb. 15, 2023) (granting in part motion to strike allegations related to defendants' trademarks which bore no relationship to the claims at issue). Put simply, even if the alleged joint venture exists, it does not create direct liability for the complained-of conduct because that conduct is wholly unrelated to application for or use of the INDIANA JONES Mark.

In the absence of any allegation that Lucasfilm was directly responsible for the placement of an image of Plaintiff's bag on Filson's website, Lucasfilm cannot have direct liability for any infringement that flows from that placement. Lucasfilm also cannot have secondary liability for that placement as a "contributory infringer"[2] because it did not exercise (nor does the FAC allege that it exercised) control over the alleged infringement. Plaintiff fails to distinguish the controlling precedent of *Gibson Brands, Inc. v. Viacom Intern., Inc.*, in which the Ninth Circuit held that "[w]hen a contributory infringement claim concerns the defendant's supply of something other than a product—here, Viacom's supply of a license to use its trademarks—a court will consider the 'extent of control exercised by the defendant over the third party's means of infringement.'" 640 Fed. Appx. 677, 678 (9th Cir. 2016).

Plaintiff asserts in the Opposition that "Lucasfilm exercised considerable control over the [alleged] misappropriation," even though the FAC makes no reference to any purported "considerable control" exercised by Lucasfilm over the alleged joint venture. (Dkt. 37, at p.9; *see generally* Dkt. 34.) Instead, Plaintiff reverts to old arguments in its Opposition (which this Court already rejected) that Lucasfilm's use of Plaintiff's unbranded products in the costume design for the *Indiana Jones 5 motion picture* was somehow improper, though it fails to cite a *single* case in support of its position—and the case law is plainly to the contrary as set forth on the Motion. (Dkt.

---

[2] The FAC does not allege "contributory infringement," but we address that argument here because Plaintiff's legal theories are so unclear that Lucasfilm cannot be certain what arguments require rebuttal.

5
REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

37, at p.9.) The Court should not give any weight to statements in Plaintiff's Opposition which are absent from the pleading. *See Schneider*, 151 F.3d at 1197 n.1.[3]

### C. Plaintiff's Arguments Concerning False Advertising Must Be Rejected

Finally, Plaintiff curiously argues in its Opposition that although Lucasfilm neither manufactures nor sells the complained-of goods (*i.e.*, Filson bags and backpacks), Lucasfilm may still be liable for <u>false advertising</u> under Section 43(a). (Dkt. 37, at pp.7-8.) In so doing, Plaintiff underscores that the FAC is, like the Complaint, a search for a legal theory that does not exist.

Section 43(a) of the Lanham Act creates "two major and distinct types of 'unfair competition': (1) infringement of even unregistered marks, names and trade dress, and (2) 'false advertising.'" 5 J. Thomas McCarthy, <u>McCarthy on Trademarks and Unfair Competition</u> § 27:9 (5th ed. 2023). Each of these separate bases of liability has its "own subsets of substantive rules." *Id.*; *see also Lexmark Intern., Inc.*, 572 U.S. at 122; *Lasoff v. Amazon.com, Inc.*, 741 Fed.Appx. 400, 402 (9th Cir. 2018) (noting that false advertising and false association (i.e., infringement) "are two distinct bases of liability."). The FAC clearly alleges that Defendants engaged in reverse passing off (Dkt. 34 at ¶¶ 2, 37)—a form of false association under Section 43(a)(1)(A). *See Summit Mach. Tool Mfg. Corp. v. Victor CNC Systs., Inc.*, 7 F.3d 1434, 1437 (9th Cir. 1993). Yet Plaintiff now argues in its Opposition that the FAC set out a 43(a)(1)(B) claim for false advertising, including allegations related to competitor liability thereunder. (Dkt. 37, at pp.7-8.) Plaintiff thus conflates the distinct causes of action provided under the Lanham Act and attempts to pick and choose which elements from the varied causes of action it needs to plausibly allege. This should not be entertained.

---

[3] Lucasfilm urges the court to consider the absurdity of Plaintiff's argument. If Lucasfilm exercised "considerable control" over Filson's use of an image of Plaintiff's bag for the purpose of generating revenue from the sale of Filson bags, why would Lucasfilm encourage Filson to use an image lasting only a fraction of a second buried within a 60 second commercial (which was incorporated by reference in the FAC)? The fleeting nature of the image of Plaintiff's bag as it appeared in motion, as opposed to the misleading stop-frame on which Plaintiff seeks to focus the Court, is inconsistent with the nebulous joint venture that Plaintiff suggests and completely different from the still image cases that Plaintiff cites as authority, all of which involved clearly identifiable images.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

### D. Leave to Amend Should be Denied

Plaintiff has now twice attempted, and twice failed, to state a claim for relief against Lucasfilm. At bottom, there simply is no cognizable claim against Lucasfilm, and further amendment cannot cure the defects in Plaintiff's claim. "A district court may dismiss a complaint without leave to amend if 'amendment would be futile.'" *Airs Aromatics, LLC v. Victoria's Secret Stores Brand Management, Inc.*, 744 F.3d 595, 600 (9th Cir. 2014) (quoting *Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011). Further, a "party cannot amend pleadings to directly contradict[t] an earlier assertion made in the same proceeding." *Id.* (quotations and citations omitted). Plaintiff is bound by its allegations.

The facts alleged in the FAC foreclose any possibility that Plaintiff can allege a viable claim against Lucasfilm, and Lucasfilm should not be forced to remain in a litigation for claims that Plaintiff cannot itself, through its seasoned counsel, articulate in a legally cognizable manner. Under any reasonable interpretation of the FAC, Lucasfilm could not, as a matter of law, have passed off Plaintiff's products as its own. Because the facts will not entertain a different conclusion, Lucasfilm respectfully submits that further amendment of the FAC would be futile. *See A.H. Lundberg Assoc., Inc. v. TSI, Inc.*, No. C14-1160 JLR, 2014 WL 53565514, at *8 (W.D. Wash. Oct. 21, 2014) (amendment of reverse passing off claim would be futile where it was undisputed that plaintiff manufactured and physically produced the goods it offered for sale).

## II. CONCLUSION

For the reasons set forth above, and in its Motion to Dismiss, Lucasfilm respectfully request the Court to dismiss without leave to amend this entire action against it for failure to state a claim.

DATED: December 8, 2023        VENABLE, LLP

By: */s/ David E. Fink*
David E. Fink
Sharoni S. Finkelstein

*Attorneys for Defendants C. C. Filson Co. and Lucasfilm, Ltd., LLC*